17-56081

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**VIRGINIA DUNCAN, et al.,**

                Plaintiffs and Appellees,

    v.

**XAVIER BECERRA, in his official capacity as Attorney General of the State of California,**

                Defendant and Appellant.

On Appeal from the United States District Court
for the Southern District of California

No. 17-cv-1017-BEN-JLB
The Honorable Roger T. Benitez, Judge

### APPELLANT'S BRIEF REGARDING REHEARING EN BANC

XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General

JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6249
 Fax:  (213) 897-5775
 Email:  John.Echeverria@doj.ca.gov
*Attorneys for Defendant-Appellant Xavier Becerra*

## TABLE OF CONTENTS

**Page**

RULE 35 STATEMENT ................................................................................ 1

BACKGROUND ........................................................................................... 2

ARGUMENT ................................................................................................. 7

CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Burbank-Glendale-Pasadena Airport Auth. v. City of L.A.*
   979 F.2d 1338 (9th Cir. 1992) ............................................................. 7

*Chi., B. & Q. R. Co. v. Illinois*
   200 U.S. 561 (1906) ............................................................................ 10

*Friedman v. City of Highland Park*
   784 F.3d 406 (7th Cir. 2015) ............................................................... 9

*Fyock v. Sunnyvale*
   25 F. Supp. 3d 1267 (N.D. Cal. 2014) ................................................. 9

*Fyock v. Sunnyvale*
   779 F.3d 991 (9th Cir. 2015) ...................................................... 2, 9, 10

*Gallinger v. Becerra*
   898 F.3d 1012 (9th Cir. 2018) ............................................................. 2

*Heller v. District of Columbia*
   670 F.3d 1244 (D.C. Cir. 2011) ........................................................... 9

*Kolbe v. Hogan*
   849 F.3d 114 (4th Cir. 2017) ............................................................... 9

*Lingle v. Chevron U.S.A., Inc.*
   544 U.S. 528 (2005) ............................................................................ 10

*N.Y.S. Rifle & Pistol Ass'n, Inc. v. Cuomo*
   804 F.3d 242 (2d Cir. 2015) ................................................................ 9

*Pena v. Lindley*
   898 F.3d 969 (9th Cir. 2018) ............................................................... 9

*Wiese v. Becerra*
   263 F. Supp. 3d 986 (E.D. Cal. 2018) ............................................. 3, 8

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Wiese v. Becerra*
 306 F. Supp. 3d 1190 (E.D. Cal. 2018) .............................................. 8

**STATUTES**

California Penal Code
 § 16740(a) ................................................................................. 3, 11
 § 32310 ........................................................................................ 3, 4
 § 32310(a) ........................................................................................ 2
 § 32310(c) ........................................................................................ 3
 § 32310(d) ............................................................................. 3, 5, 11

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. II ................................................................... 4, 6, 8, 9

**COURT RULES**

Fed. R. App. P. 35 ................................................................................ 1

9th Cir. R. 36-3(a) ............................................................................ 2, 7

In response to this Court's August 22, 2018 Order (Dkt. No. 101), and in accordance with Rule 35 of the Federal Rules of Appellate Procedure, Defendant and Appellant Xavier Becerra (the Attorney General) hereby submits this brief addressing whether this case should be reheard en banc.

## RULE 35 STATEMENT

A divided panel affirmed the district court's grant of a preliminary injunction enjoining enforcement of California's ban on the possession of large-capacity magazines.[1]  Although the majority's decision conflicts with Ninth Circuit precedent, rehearing this appeal en banc is not necessary at this time, and would not be an efficient use of the Court's resources, given that the district court is likely to enter a final judgment before this Court could hear and decide this matter en banc.

The district court has taken plaintiffs' motion for summary judgment under submission, and a final pretrial conference is set for November 13, 2018.  Although the issues presented by this appeal are significant, and would make this case a strong candidate for en banc review in other circumstances, a final judgment on the merits would almost certainly issue during the pendency of any en banc proceeding in this Court.  That judgment

---

[1] The memorandum and dissent are located at Docket No. 99.

would render this appeal moot. In addition, because the panel's opinion was unpublished, it does not establish any binding precedent. *See* 9th Cir. R. 36-3(a). Accordingly, while the Attorney General respectfully disagrees with the panel majority's decision, the posture of the district court proceedings means that en banc review at this time would not promote the interests of judicial economy. Moreover, after the district court issues its final judgment, it is likely that the losing party will appeal, at which time this Court—including an en banc panel, should such review be necessary—will have an opportunity to review the constitutionality of California's large-capacity magazine ban.

## BACKGROUND

1.   In 2000, California enacted a ban on the manufacture, importation, sale, and lending of large-capacity magazines, *see* Cal. Penal Code § 32310(a), which are defined as ammunition-feeding devices capable of accepting more than 10 rounds of ammunition, *see id.* § 16740. Large-capacity magazines enable a shooter to fire more rounds in a given period, and have featured prominently in public mass shootings and gun violence against law enforcement. *See Fyock v. Sunnyvale*, 779 F.3d 991, 1000 (9th Cir. 2015); *see also Gallinger v. Becerra*, 898 F.3d 1012, 1019 (9th Cir. 2018) ("[W]hen 'assault weapons and large-capacity magazines are used,

2

more shots are fired and more fatalities and injuries result than when shooters use other firearms and magazines.'" (quoting *Kolbe v. Hogan*, 849 F.3d 114, 127 (4th Cir. 2017) (en banc))). The original large-capacity magazine restrictions did not, however, ban the *possession* of large-capacity magazines, and allowed individuals to keep magazines that they lawfully acquired before 2000. *Wiese v. Becerra*, 263 F. Supp. 3d 986, 993 (E.D. Cal. 2018). These grandfathered large-capacity magazines made it difficult for authorities to enforce California's ban on the manufacture, importation, sale, or lease of large-capacity magazines because magazines lack unique identifying features, such as serial numbers, to indicate when they were acquired and by whom. *Id.*

In 2016, California voters addressed that issue by enacting Proposition 63, "The Safety for All Act of 2016." The proposition amended California Penal Code Section 32310, and made it illegal to possess large-capacity magazines. *See* Cal. Pen. Code § 32310(c). Lawful owners of grandfathered large-capacity magazines—those acquired before 2000—were required either to permanently modify their magazines so that they could no longer accept more than 10 rounds, *id.* § 16740(a), or to remove them from the State, sell them to a licensed firearms dealer, or surrender them to a law enforcement agency for destruction, *id.* § 32310(d).

3

On May 17, 2017, plaintiffs filed this suit, asserting that the amended Penal Code Section 32310 violated the Second Amendment. ER 154-172. Shortly before the new possession ban was set to take effect, plaintiffs sought a preliminary injunction of the newly enacted possession ban under the Second Amendment and the Takings Clause. The district court entered a preliminary injunction. *Id.* at 1-66. It concluded that California's possession ban burdened conduct protected by the Second Amendment and that, under intermediate scrutiny, the Attorney General failed to demonstrate a reasonable fit between the State's important public safety interests and the challenged law. *Id.* at 20-56.

2. The Attorney General appealed the grant of the preliminary injunction while the district court case proceeded through discovery. On July 17, 2018, a divided panel of this Court affirmed the grant of the preliminary injunction. The panel reviewed the district court's decision for abuse of discretion, asking "whether the district court correctly distilled the applicable rules of law and exercised permissible discretion in applying those rules to the facts at hand." Mem. at 2 (quoting *Fyock*, 779 F.3d at 995). On the Second Amendment claim, the majority held that the district court did not abuse its discretion in holding that California's possession ban likely burdened conduct protected by the Second Amendment, and that

4

plaintiffs were likely to establish that the law did not survive intermediate scrutiny. *Id*. at 3-5. It further stated that "[t]he district court's review of the evidence included numerous judgment calls regarding the quality, type, and reliability of the evidence, as well as repeated credibility determinations." *Id.* at 4. The majority contended that the Attorney General identified "no actual error made by the district court." *Id.* at 5.

The majority also held that the district court did not abuse its discretion in granting a preliminary injunction on Takings Clause grounds. It concluded that the district court "outlined the correct legal principles" in citing numerous Supreme Court takings cases. Mem. at 6-7. And it held that the district court had not exceeded its discretion in concluding that the disposal options in Penal Code Section 32310(d) deprived owners of grandfathered large-capacity magazines of the use and possession of their property and that "California could not use the police power to avoid compensation." Mem. at 7.

Judge Wallace dissented, concluding that the district court abused its discretion in enjoining California's possession ban. Dissent at 6. In his view, "the district court clearly misapplied intermediate scrutiny by refusing to credit relevant evidence that fairly supports the state's rationale for its

5

[large-capacity magazine] ban." *Id.* at 8.[2] Judge Wallace further concluded that the district court abused its discretion in holding that plaintiffs demonstrated a likelihood of succeeding on their Takings Clause claim. *Id.* at 6-7. Although he did "not consider it a close call to conclude the district court abused its discretion in finding Plaintiffs were likely to succeed on the merits," Judge Wallace noted that the preliminary injunction is "temporary" and that the district court proceedings have continued "with deliberate speed towards trial, which will allow [the district court] to decide this case with a full and complete record and a new review." *Id.* at 8-9.

3. While the appeal of the preliminary injunction was pending in this Court, plaintiffs moved for summary judgment in the district court. A hearing on that motion was held on May 10, 2018, and following supplemental briefing on the Second Amendment claim, the motion was taken under submission on June 21, 2018. A final pretrial conference is presently set for November 13, 2018.

---

[2] Although the majority claimed that the dissent impermissibly re-weighed the evidence considered by the district court, Mem. at 6 n.2, 7 n.3, the dissent concluded that the district court abused its discretion by applying its own "subjective standard of undefined empirical robustness" in reviewing the Attorney General's evidence, which it "cannot do" under intermediate scrutiny, Dissent at 4-5.

6

## ARGUMENT

1. Although the Attorney General respectfully disagrees with the panel majority's decision, en banc review is not necessary at this time and would not be an efficient use of the Court's resources. As noted above, the district court has taken plaintiffs' motion for summary judgment under submission, and a final pretrial conference is set for November 13. The district court is likely to enter a final, appealable judgment before en banc proceedings in this matter would be resolved. That judgment would render moot any en banc review of the preliminary injunction. *See Burbank-Glendale-Pasadena Airport Auth. v. City of L.A.*, 979 F.2d 1338, 1340 n.1 (9th Cir. 1992) ("Once an order of permanent injunction is entered, the preliminary injunction merges with it and appeal may be had only from the order of permanent injunction." (citation omitted)). In addition, because the panel's decision is unpublished, it does not establish circuit precedent, *see* 9th Cir. R. 36-3(a), and will not preclude other jurisdictions from enforcing their large-capacity magazine bans.

After the district court enters a final judgment, it is likely that the losing party will appeal that decision. That will allow this Court to review the merits of plaintiffs' claims with the benefit of a final judgment and a complete record. The Attorney General intends to defend the

7

constitutionality of California's large-capacity magazine restrictions in any future appeal.

Moreover, a separate challenge to California's ban on the possession of large-capacity magazines is currently pending in the Eastern District of California. *See Wiese v. Becerra*, 306 F. Supp. 3d 1190 (E.D. Cal. 2018). The district court in *Wiese* dismissed the plaintiffs' claims—including their assertion that California's large-capacity magazine ban violates the Second Amendment—with leave to amend. *Id.* at 1195-1197. After the plaintiffs in *Wiese* filed an amended complaint, the district court stayed the proceedings pending resolution of this appeal. Once the stay is lifted, the Attorney General intends to move to dismiss the amended complaint. Allowing these cases to proceed to final judgment in the lower courts will provide a sound basis for further appellate review by this Court.

For these reasons, en banc review is not necessary or desirable at this time, despite the State's important interests in banning large-capacity magazines.

2.  That is not to say that the Attorney General believes the panel's decision is correct. The majority's decision is inconsistent with existing Ninth Circuit and Supreme Court precedent, and, in other circumstances,

would be a strong candidate for en banc review.³ Among other things, the majority's holding that the district court had the discretion to reject the Attorney General's evidence under intermediate scrutiny is inconsistent with this Court's decisions applying intermediate scrutiny. *See, e.g.*, *Pena v. Lindley*, 898 F.3d 969, 979-81 (9th Cir. 2018) (discussing proper application of intermediate scrutiny). As the dissent concluded, the Attorney General's evidence, "which included statistical studies, expert testimony, and surveys of mass shootings showing that the use of [large-capacity magazines] increases the lethality of gun violence," was "more than sufficient to satisfy intermediate scrutiny." Dissent at 2.

In addition, the majority's decision conflicts with this Court's decision in *Fyock*. As the dissent noted, the Attorney General submitted much of the same evidence submitted in *Fyock* by the City of Sunnyvale in its successful defense of its municipal large-capacity magazine ban. *See* Dissent at 4

---

³ Before the district court's decision here, no court had preliminarily enjoined a large-capacity magazine ban or held that a large-capacity magazine ban violates the Second Amendment. *See Fyock v. Sunnyvale*, 25 F. Supp. 3d 1267, 1271 (N.D. Cal. 2014). Four other federal circuit courts have upheld large-capacity magazine bans in the face of Second Amendment challenges. *See Kolbe*, 849 F.3d at 120-21; *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 261-64 (2d Cir. 2015); *Friedman v. City of Highland Park*, 784 F.3d 406, 407, 412 (7th Cir. 2015); *Heller v. District of Columbia*, 670 F.3d 1244, 1263-64 (D.C. Cir. 2011).

(noting the "overlap between the records" in this appeal and *Fyock*). In *Fyock*, this Court held that such evidence was "precisely the type of evidence that [the government] was permitted to rely upon to substantiate its interest" and to demonstrate a reasonable fit "under the lens of intermediate scrutiny." 779 F.3d at 1001. The district court committed clear error when it claimed that an "important difference" between the cases was that the district court in *Fyock* "had before it an evidentiary record that was credible, reliable, and on point," including "pages of credible evidence, from study data to expert testimony to the opinions of Sunnyvale public officials, indicating that the Sunnyvale ordinance is substantially related to the compelling government interest in public safety." ER 23 (quoting *Fyock*, 779 F.3d at 1000).

The majority's decision is also inconsistent with Takings Clause precedent. California's ban on the possession of large-capacity magazines would not effect a physical taking because, in banning the possession of large-capacity magazines, the State would not be taking private property for "public use" under its eminent domain power. *See Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 536 (2005). Rather, the State would be exercising its police power to protect the safety, health, and general welfare of the public by banning the possession of property declared to be a nuisance. *See Chi.,*

10

*B. & Q. R. Co. v. Illinois*, 200 U.S. 561, 593-94 (1906) ("It has always been held that the legislature may make police regulations, although they may interfere with the full enjoyment of private property, and though no compensation is given."). Contrary to the majority's holding that the district court did not exceed its discretion in concluding that Penal Code Section 32310(d) would deprive owners of the use and possession of grandfathered large-capacity magazines, *see* Mem. at 7, such individuals would be permitted to retain ownership if they modify their large-capacity magazines to hold no more than 10 rounds, *see* Cal. Penal Code § 16740(a), or store them out of state in accordance with Penal Code Section 32310(d)(1), *see* Dissent at 6. Additionally, the district court abused its discretion in finding that plaintiffs were likely to prevail on their claim that the possession ban constitutes a regulatory taking because "there are no facts in the record from which to draw an inference regarding the overall economic impact" of the statute. *Id.* at 7.

## CONCLUSION

For the foregoing reasons, this Court should not grant rehearing en banc at this time.

Dated: September 12, 2018     Respectfully submitted,

                XAVIER BECERRA
                Attorney General of California
                THOMAS S. PATTERSON
                Senior Assistant Attorney General
                MARK R. BECKINGTON
                Supervising Deputy Attorney General


                s/ John D. Echeverria
                JOHN D. ECHEVERRIA
                Deputy Attorney General
                *Attorneys for Defendant-Appellant Xavier Becerra*

**Form 11.    Certificate of Compliance Pursuant to
9th Circuit Rules 35-4 and 40-1 for Case Number** 17-56081

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the back of each copy of the petition or answer.*

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer to petition (check applicable option):

☒ Contains 2,341 words (petitions and answers must not exceed 4,200 words), and is prepared in a format, type face, and type style that complies with Fed. R. App. P. 32(a)(4)-(6).

**or**

☐ Is in compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

Signature of Attorney or Unrepresented Litigant: s/ John D. Echeverria

Date: Sep 12, 2018

("s/" plus typed name is acceptable for electronically-filed documents)

*(Rev.12/1/16)*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Duncan, Virginia et al v. Xavier Becerra** | Case No. | **17-56081** |

I hereby certify that on <u>September 12, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**APPELLANT'S BRIEF REGARDING REHEARING EN BANC**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>September 12, 2018</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

David H. Thompson
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>September 12, 2018</u>, at Los Angeles, California.

| Colby Luong | s/ Colby Luong |
|---|---|
| Declarant | Signature |

SA2017108168
62953213.docx